United States District Court
Southern District of Texas
**ENTERED**
April 05, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ROLANDO JERRY HERNANDEZ** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | MISC ACTION NO. 7:19-MC-00488 |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| Texas Department of Criminal Justice, | | |
| Correctional Institutions Division, | | |
| | | |
| Respondent. | | |

## AMENDED REPORT AND RECOMMENDATION

Rolando Jerry Hernandez, a state prisoner proceeding *pro se*, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).

A review of his petition shows that Petitioner does not challenge any aspect of his conviction and sentence. Petitioner states that he was assaulted by gang members, resulting in numerous injuries. (Dkt. No. 1 at 6). Petitioner has requested that he be placed in a safekeeping facility. (*Id.*). Petitioner asserts that he is still currently in a unit with the same gang members that assaulted him and seeks relief in the form of being removed from his current unit. (*Id.*). Petitioner also seeks monetary damages, which he cannot obtain through federal habeas corpus proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

The Court concludes that Petitioner's claims are not cognizable under § 2254, and instead should have been brought pursuant to 42 U.S.C. § 1983. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). If a favorable determination "would not automatically entitle [the prisoner] to accelerated release, the

proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (internal citations omitted); *see Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

For the foregoing reasons, the undersigned recommends that Petitioner's § 2254 petition be dismissed without prejudice. If the District Court dismisses this action without prejudice, Petitioner is free to refile his claims as a § 1983 suit. The Clerk of this Court shall mail Petitioner the appropriate § 1983 forms.

The undersigned will not assume at this time that Petitioner wishes to commit himself to paying the applicable civil filing fee. If Petitioner chooses to refile his claims as a § 1983 suit, he is noticed that he will be required to:

(1) pay the $ 400 filing fee to the Clerk of the Court by submitting a money order, payable to the United States District Clerk, P.O. Box 5059, McAllen, Texas 78502;

(2) **or,** file an application to proceed *in forma pauperis* ("IFP"), which must be accompanied by a certified copy of Petitioner's inmate trust fund account statement for the 6-month period immediately preceding the filing of his future § 1983 complaint. *See* 28 U.S.C. § 1915(a)(2).

Petitioner is noticed that the Prison Litigation Reform Act ("PLRA") requires prisoners proceeding IFP to pay an initial partial filing fee for all civil actions and appeals when funds exist in the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(1). The PLRA also requires that the full amount of the filing fee be withdrawn from the plaintiff's trust fund account in periodic installments. A prisoner who chooses to sue or appeal IFP remains responsible for the entire filing fee.

Furthermore, payment of all or any part of the filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of these grounds before the payment of the entire filing fee, the plaintiff must still pay the entire filing fee. When a prisoner has three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, the prisoner will be barred from bringing any more actions or appeals IFP unless he is imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned recommends that the habeas corpus petition (Dkt. No. 1) be **DISMISSED** without prejudice.

### *Certificate of Appealability*

It is recommended that the District Court **DENY** a Certificate of Appealability (COA).

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is averse to the petitioner. A certificate of appealability will not issue unless the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted).

Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a certificate of appealability.

## *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within 14 days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this report to the parties by any receipted means. The Clerk of this Court shall also mail Petitioner the appropriate § 1983 forms.

SIGNED this 5th day of April, 2019, at McAllen, Texas.

_____
J. SCOTT HACKER
United States Magistrate Judge